UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JASON TUCKER,**

    **Plaintiff,**

**v.**                                   **Case No: 5:19-cv-642-Oc-37PRL**

**MAKAN DELRAHIM,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff, Jason Tucker, who is proceeding pro se, filed this action against the Defendant, Makan Delrahim, Assistant Attorney General. Plaintiff seeks to proceed in forma pauperis. (Doc. 2).[2] Previously, upon noting deficiencies in Plaintiff's original complaint, the undersigned took Plaintiff's motion to proceed in forma pauperis under advisement and allowed Plaintiff to file an amended complaint. (Doc. 11). Plaintiff has now filed an amended complaint (Doc. 13). Because Plaintiff has not cured the deficiencies in the original complaint, the undersigned recommends that Plaintiff's amended complaint be dismissed.

    **I.  LEGAL STANDARDS**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

[2] The Court notes that Plaintiff has filed a similar claim in Case No. 5:19-cv-641-Oc-37PRL against Ashley Moody, Attorney General of the State of Florida.

that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Here, Plaintiff indicates that he is invoking federal question jurisdiction. (Doc. 13, p. 3). Federal question jurisdiction exists if there has been a violation of Plaintiff's

rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978).

## II. DISCUSSION

Here, Plaintiff recites that he is attempting to bring a claim for violation of the Fifth and Fourteenth Amendments of the United States Constitution. Further, the main difference between Plaintiff's original complaint and the amended complaint is that he now also purports to state a claim pursuant to the E-Government Act of 2002.

As observed previously, Plaintiff's complaint still fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Most importantly, Plaintiff has failed to allege any facts to support his contention that Defendant acted in violation of law. Although Plaintiff is proceeding pro se, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Based on the very cursory allegations, the Court has gleaned that Plaintiff contacted the Citizen Complaint Center of the Antitrust Division of the Department of Justice regarding an unspecified whistleblower and antitrust claim and was dissatisfied with the response he received. Plaintiff contends that his communications to Defendant and his staff were ignored and asks whether Defendant has committed a violation of "equal access using color of law." (Doc. 13, p. 4). He specifically questions whether Defendant and his staff are exempt from the E-Government Act of 2002. In a wholly conclusory manner, Plaintiff alleges violations of the Fifth and Fourteenth

Amendments, and references due process and equal protection violations, as well as the aforementioned E-Government Act of 2002.

To maintain an action for a violation of his constitutional rights under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) that he was deprived of "rights, privileges or immunities" protected by the Constitution or federal law; and, (2) that the deprivation was caused by a person acting under color of law. *Wideman v. Shallowford Community Hosp., Inc*., 826 F.2d 1030, 1032 (11th Cir.1987); *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); *Cornelius v. Town of Highland Lake, Ala*., 880 F.2d 348, 352 (11th Cir.1989). An action pursuant to § 1983 will impose liability only "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.*" Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979); *Wideman*, 826 F.2d at 1032.

Here, Plaintiff has failed to allege any facts suggesting that he was deprived of any Constitutional right—and thus, he has failed to state a claim under § 1983. Further, his addition of a reference to the E-Government Act of 2002 does not cure any deficiencies because the E–Government Act does not provide for a private cause of action. *See Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 266 F. Supp. 3d 297, 315 (D.D.C.). Plaintiff's complaint is still devoid of any well-pled factual allegations that could support a federal claim.

Indeed, upon careful examination of the amended complaint and the supporting documents, the Court can find no allegation that the Plaintiff was deprived of any Constitutional right. Plaintiff enjoys no Constitutional right to have complaints heard by Defendant and his staff at the United States Department of Justice. Accordingly, Plaintiff has failed to state a claim under § 1983, and thus, there is no basis for this Court's subject matter jurisdiction.

Normally, a pro se civil rights plaintiff must be allowed to freely amend defective pleadings. Plaintiff, however, has already been given one opportunity to amend and the Court cannot perceive any possible basis on which the amended complaint may be further amended to allege the violation of a Constitutional right in this matter. Thus, further amendments would be futile.

### III. CONCLUSION

Accordingly, for the reasons explained above, Plaintiff's motion to proceed in forma pauperis (Doc. 2) should be denied and his amended complaint dismissed. Further, any pending motions should be denied as moot.

Recommended in Ocala, Florida on February 19, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy