UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JASON TUCKER,

    Plaintiff,

v.                                                                         Case No. 5:19-cv-642-Oc-37PRL

MAKAN DELRAHIM,

    Defendant.
_____

## **ORDER**

*Pro se* Plaintiff sued Defendant, alleging violations of the Fifth and Fourteenth Amendments of the Constitution (Doc. 1 ("**Complaint**"); he also moved to proceed *in forma pauperis* (Doc. 2 ("**Motion**")). On referral, U.S. Magistrate Judge Philip R. Lammens found the Complaint failed to meet the pleading requirements set forth in the Federal Rules of Civil Procedure—so Judge Lammens took the Motion under advisement and allowed Plaintiff to amend his complaint. (Doc. 11 ("**IFP Order**").) After Plaintiff filed an amended complaint (which was substantially similar but included new allegations Defendant had violated the E-Government Act of 2002), Judge Lammens issued a Report and Recommendation. (Doc. 13 ("**Amended Complaint**"); Doc. 16 ("**R&R**").) Judge Lammens recommends *sua sponte* dismissing the Amended Complaint with prejudice. (Doc. 16.) He found the Amended Complaint failed to cure the deficiencies identified in the IFP Order: Plaintiff alleged violations of the Fifth and Fourteenth Amendments and the E-Government Act of 2002 in a "wholly conclusory manner" without supporting

-1-

facts.[1] (*Id.* at 3–4.) So, Judge Lammens concludes, the Court doesn't have subject matter jurisdiction and the claim must be dismissed. (*Id.* at 4.) He recommends the Amended Complaint be dismissed *with prejudice* since Plaintiff had already been given an opportunity to amend and Judge Lammens couldn't "perceive any possible basis on which the amended complaint may be further amended to allege the violation of a Constitutional right in this matter." (*Id.* at 5.)

The parties did not object to the R&R, and the time for doing so has now passed. So the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). There is none: when given leave to amend, Plaintiff failed to heed Judge Lammen's advice on how to properly plead these claims, so the Court assumes Plaintiff cannot cure these deficiencies. (*See* Doc. 11; *see also* Doc. 16, pp. 3–4.) A court need not grant leave to amend when a more carefully drafted complaint could not state a claim. *See Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). The R&R will be adopted in its entirety.

It is **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 16) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. Plaintiff Jason Tucker's Application to Proceed in District Court Without

---

[1] Plaintiff's addition of the E-Government Act claims is unhelpful because the E-Government Act of 2002 does not provide for a private cause of action. (Doc. 16, p. 4); *see also Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 266 F. Supp. 3d 297, 315 (D.D.C. 2017).

-2-

Prepaying Fees or Costs (Doc. 2) is **DENIED**.

3. Plaintiff Jason Tucker's Amended Complaint (Doc. 13) is **DISMISSED WITH PREJUDICE.**

4. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 10, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party